UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD D. ROBINSON,

    Petitioner,

    v.    CAUSE NO.: 3:18-CV-923-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Ronald D. Robinson, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary proceeding (ISP 18-8-68) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found Robinson guilty of battery in violation of Indiana Department of Correction Offense 102. Following a hearing, he was sanctioned with the loss of one hundred eighty days earned credit time and a demotion in credit class.

Robinson argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to find him guilty. He states that the video recording did not show the battery incident and that the victim provided an exculpatory statement.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines battery as knowingly or intentionally touching another person in a rude, insolent, or angry manner. Indiana Department of Correction, Adult Disciplinary Process, https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf. The administrative record includes a conduct report in which a correctional officer represented that Robinson assaulted another inmate. The officer explained that the other inmate was found dazed with a deep facial laceration. He also explained that the cameras revealed Robinson chasing the inmate to the location of the assault, Robinson running away from the location, and the inmate stumbling away with injuries. The administrative record also included a video recording of Robinson running away from the location of the assault with a shank in hand. It included photographs of the shank and Robinson's bloody sweatshirt found by correctional staff shortly after the assault. It further included the opinion of medical staff that the other inmate's injuries were caused by stabbing rather than falling down stairs as Robinson suggested at the disciplinary hearing. This evidence suggests that Robinson assaulted another inmate and thus constitutes some evidence of battery. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Robinson also argues that he is entitled to habeas relief because he did not receive a restrictive housing report, which is required by departmental policy for inmates assigned to a restrictive housing unit. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Because

this claim relates to Robinson's housing assignment rather than the fact or duration of his confinement, this claim does not present a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Robinson is not entitled to habeas relief, the petition is denied. If Robinson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Ronald D. Robinson leave to proceed in forma pauperis on appeal.

SO ORDERED on July 9, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT